THE PEOPLE ex rel. &c. agt. COMMISSIONERS OF WATERTOWN.

*Jefferson Special Term, September* 1851.

J. MULLEN, *for the Motion.*

J. MOORE, JR. and J. CLARK, *Opposed.*

W. F. ALLEN, Justice.—An application was made to the commissioners of highways of the town of Watertown to alter the route of a highway in that town, and the requisite certificate of twelve freeholders, to the necessity and propriety of the alteration was procured. The commissioners refused to alter the road in pursuance of the application and from such refusal an appeal was brought by the applicant to the county judge, who being an inhabitant of the town within which was the road in question, the appeal was referred under the statute by one of the justices of the sessions to three referees, who, upon hearing the appeal, ordered that the proceedings of the commissioners be *reversed,* but did not proceed to *lay out the road, or give any directions* in relation to such laying out or altering of the road. The commissioners subsequently proceeded and laid out and altered the road as required by the original application, but now refuse to cause the same to be opened and worked as a highway, and the relator asks that a mandamus issue compelling them to do so.

It is insisted on behalf of the relator, 1st. That this proceeding was under the provisions of the act of 1845, and that by that law the judges or referees are not required upon the reversal of the order of the commissioners, refusing to lay out or alter a highway, to proceed to lay out or alter the same, but that they may simply reverse the order of the commissioners, and that thereupon it becomes necessary that the highway should be laid out or altered, and the duty is by such order of reversal devolved upon the commissioners of highways to lay out or alter the same (*Laws of* 1845, *p.* 186, § 13).

The act of 1845 does not profess to repeal the provisions of the Revised Statutes, regulating the laying out and altering of highways, &c. or to provide an entire system of procedure in such cases. It merely modifies the former provisions of law upon the subject and except as modified leaves them in full force. The former and present statutes regulating and prescribing the duties of commissioners of highways and the proceedings upon appeal from their decisions are substantially the same (2 *R. L.* 275, § 16; *id.* 282, § 36, 37; 1 *R. S.* 514, § 57, 61; *id.* 518, § 84, 89, 91; *Laws of* 1845, 185–6; *Laws of* 1847, *p.* 584–5; Commissioners of Highways of Warwick vs. Judges of Orange co., 13 *W. R.* 432). The Revised Laws did not expressly authorize or require the judges of the Court of Common Pleas, upon an appeal from an order of the commissioners of highways refusing to alter or lay out a highway, to alter or lay out such highway, but it was held that such power was conferred by implication upon a construction of the 36th and 37th sections, and from the want of any provision in the act requiring the commissioners to lay out or alter the road after the judges had decided (People vs. Champion, 16 *John. R.* 61; People vs. Commissioners of Salem, 1 *Cow. R.* 23). The Revised Statutes expressly require this to be done upon the appeal by the judges and the act of 1847 makes it the duty of the referees acting in the place of the judges to perform the same acts (1 *R. S.* 519, § 91; *Laws of* 1847, 584, § 8, 9). The act of 1845 did not, I think, change the proceedings in this respect. Section 13 of the act does not prescribe the duty of the appellate tribunal, but assumes that, by other provisions of law, that has been settled. It does not define the char-

acter of the final determination which shall make it necessary that a highway shall be laid out or altered; such final determination could be none other than that laying out or altering a road as provided by the Revised Statutes, and such determination was that which by a subsequent clause of the same section, the commissioners were required to carry out. The referees could only decide the appeal upon the merits, and doubtless erred in not proceeding to lay out the road (13 *W. R.* 432). It is very evident that a *mere reversal* of the order of the commissioners is not an order to be carried out and executed by the laying out of a highway. Neither the termini, the course and distance, or the width of the road are determined, and the commissioners have nothing by which they can be guided in performing the merely ministerial duty of opening a road already laid out by the appellate tribunal.

2d. It is deemed that the order of the commissioners, laying out the highway, is conclusive, and entitles the appellants to have the road opened and worked. There is no provision in the acts of the legislature regulating the laying out of highways, authorizing the commissioners to lay out a road upon the reversal upon appeal of their order refusing to lay out such road or to perform any act in the premises, except to carry out the order which the judges or referees shall make (16 *J. R.* 61). They are officers of limited and special jurisdiction, and can only act in the cases and in the manner pointed out by statute; and he who asks that their orders shall be executed must show jurisdiction in them, and that the statutory requirements have been strictly pursued (Harrington vs. People, 6 *Barb. R.* 607, *and cases cited by Paige, J.*). This the relator has failed to do in the case. Motion denied.